**UNITED STATES of America,
Appellee,**

v.

**Hyman Leville STEELE, also known
as Hymie Steele, Appellant.**

No. 00–3122.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 2001.

Decided May 15, 2001.

Before LOKEN, FAGG, and BYE,
Circuit Judges.

PER CURIAM.

Hyman Leville Steele pleaded guilty to conspiring to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. The district court,[1] using an unobjected-to drug quantity of at least 9.52 grams, sentenced Steele to 60 months imprisonment, the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(B), and to 5 years supervised release. On appeal, Steele's counsel filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Steele should have been held responsible for only 3–4 grams of cocaine

---

1. The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

base, and that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Steele's arguments are unpersuasive. Because his sentence does not exceed the 20–year statutory maximum prison term for a non-quantity-based drug offense, it does not violate *Apprendi.* See *United States v. Aguayo–Delgado,* 220 F.3d 926, 934 (8th Cir.), *cert. denied,* 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000). Further, in his plea agreement, Steele stipulated that he was responsible for 5–20 grams of cocaine base. *See United States v. Nguyen,* 46 F.3d 781, 783 (8th Cir.1995).

Having reviewed the record independently pursuant to *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.